UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MISTY D. HOLMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>LELAND DUDEK, Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. 2:25-cv-00610-EJY<br><br>**ORDER** |

Plaintiff Misty D. Holman ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") finding Plaintiff is not disabled under Titles II and XVI of the Social Security Act (the "Act"). ECF No. 10. The Commissioner filed a Response (ECF No. 12), and Plaintiff filed a Reply (ECF No. 13). There is no dispute that after a remand by the Appeals Council, the Administrative Law Judge ("ALJ") issued a second decision denying Plaintiff's claim. Administrative Record ("AR") 11-35. After the Appeals Council denied review of the ALJ's second decision (AR 1-3), that decision became the final decision of the Commissioner rendering the case ripe for this Court's review.

**I.     STANDARD OF REVIEW**

The reviewing court shall affirm the Commissioner's decision if the decision is based on correct legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is "more than a mere scintilla." More than a scintilla of evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) (quoting *Biestek v. Berryhill*, 587 U.S. 97, 103) (2019) further citations omitted)). In reviewing the Commissioner's alleged errors, the Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986) (internal citations omitted).

"When the evidence before the ALJ is subject to more than one rational interpretation, … [the court] must defer to the ALJ's conclusion." *Batson*, 359 F.3d at 1198, *citing Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995). However, a reviewing court "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (internal citation omitted). And, a court may not reverse an ALJ's decision based on a harmless error. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (internal citation omitted). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

## II.  ESTABLISHING DISABILITY UNDER THE ACT

To establish whether a claimant is disabled under the Social Security Act, there must be substantial evidence that:

> 1.  the claimant suffers from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months; and
>
> 2.  the impairment renders the claimant incapable of performing the work that the claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy.

*Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999), *citing* 42 U.S.C. § 423(d)(2)(A). "If a claimant meets both requirements, he or she is disabled." *Id*. (internal quotations omitted).

The ALJ uses a five-step sequential evaluation process to determine whether a claimant is disabled within the meaning of the Act. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520(a). Each step is potentially dispositive and "if a claimant is found to be 'disabled' or 'not-disabled' at any step in the sequence, there is no need to consider subsequent steps." *Tackett*, 180 F.3d at 1098 (internal citation omitted); 20 C.F.R. § 404.1520. The claimant carries the burden of proof at steps one through four, and the Commissioner carries the burden of proof at step five. *Tackett*, 180 F.3d at 1098.

The five steps consider:

> Step 1.  Is the claimant presently working in a substantially gainful activity? If so, then the claimant is "not disabled" within the meaning of the Social Security Act and is not entitled to disability insurance benefits. If the claimant is not working in a substantially gainful activity, then the claimant's case cannot be resolved at step one and the evaluation proceeds to step two. 20 C.F.R. § 404.1520(b).

2

Step 2. Is the claimant's impairment severe? If not, then the claimant is "not disabled" and is not entitled to disability insurance benefits. If the claimant's impairment is severe, then the claimant's case cannot be resolved at step two and the evaluation proceeds to step three. 20 C.F.R. § 404.1520(c).

Step 3. Does the impairment "meet or equal" one of a list of specific impairments described in the regulations? If so, the claimant is "disabled" and therefore entitled to disability insurance benefits. If the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, then the claimant's case cannot be resolved at step three and the evaluation proceeds to step four. 20 C.F.R. § 404.1520(d).

Step 4. Is the claimant able to do any work that he or she has done in the past? If so, then the claimant is "not disabled" and is not entitled to disability insurance benefits. If the claimant cannot do any work he or she did in the past, then the claimant's case cannot be resolved at step four and the evaluation proceeds to the fifth and final step. 20 C.F.R. § 404.1520(e).

Step 5. Is the claimant able to do any other work? If not, then the claimant is "disabled" and therefore entitled to disability insurance benefits. 20 C.F.R. § 404.1520(f)(1). If the claimant is able to do other work, then the Commissioner must establish that there are a significant number of jobs in the national economy that the claimant can do. There are two ways for the Commissioner to meet the burden of showing that there is other work in "significant numbers" in the national economy that claimant can do: (1) by the testimony of a vocational expert [("VE")], or (2) by reference to the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2. If the Commissioner meets this burden, the claimant is "not disabled" and therefore not entitled to disability insurance benefits. 20 C.F.R. §§ 404.1520(f), 404.1562. If the Commissioner cannot meet this burden, then the claimant is "disabled" and therefore entitled to disability benefits. *Id*.

### III. THE SUMMARY OF ALJ'S DECISION

The ALJ found Plaintiff met the special earning requirements for a period of disability and disability insurance benefits through March 31, 2028. AR 14. Thereafter, the ALJ engaged in the five step sequential process to reach a decision on the merits of Plaintiff's claims. AR 14-35. There is no dispute that Plaintiff met the requirements of steps 1 through 3 of the sequential process and was found to have severe impairments including: disorders of the skeletal spine; disorders of muscle, ligament and fascia; depressive, bipolar and related disorders; anxiety and obsessive-compulsive disorders; and trauma-and-stressor-related disorder. AR 14. The ALJ found Plaintiff suffered from non-severe impairments including "low vision with glasses for correction, bilateral hearing loss, hypertension, gastroesophageal reflux disease (GERD), obesity, lumbosacral strain, enlarged thyroid, Irregular Menstruation/Menorrhagia and urinary incontinence," as well as "other medically determinable impairments not specifically mentioned …." AR 15.

3

The ALJ next concluded Plaintiff's impairments, individually or in combination, did not meet or equal any "listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926)" or "12.04, 12.06, and 12.15." AR 17.  Thereafter, the ALJ concluded Plaintiff retained the "residual functional capacity ["RFC"] to perform light work as defined in 20 CFR  404.1567(b) and 416.967(b) expect" she was limited to lifting and carrying 20 pounds occasionally and 10 pounds frequently; sitting for six hours, standing for four hours, and walking for four hours; pushing and/or pulling as much as she can lift and/or carry; only occasionally reaching overhead to the left; climbing ramps and stairs occasionally; climbing ladders, ropes or scaffolds occasionally; stooping, kneeling, crouching and crawling occasionally; and interaction with supervisors, co-workers and the public only occasionally. AR 19-20.

The ALJ found Plaintiff could not perform past relevant work; however, based on her age (defined under the Act as a "younger individual"), her education (at least a high school diploma), work experience, and RFC, as well as the testimony of a vocational expert, Plaintiff could perform the jobs of routing clerk, price marker, and garment sorter of which there are significant numbers in the national economy. AR 33-34.  Thus, the ALJ concluded Plaintiff was not disabled as defined by the Act from her onset date through the date of his decision.  AR 34.

### IV.    DISCUSSION

a.    <u>Issue Before the Court</u>.

Plaintiff raises one issue for the Court's consideration.  ECF No. 10 at 4.  Plaintiff states "the ALJ failed to properly evaluate" the opinion of the consultive physical medical examiner, Dr. Rick Mai, M.D., which was issued on February 25, 2023.  *Id*.  *See also* AR 23.

b.    <u>Plaintiff's Argument</u>.

After summarizing Dr. Mai's findings, Plaintiff argues the ALJ was required to consider "supportability" and "consistency" under the new Social Security Regulations.[1]    Plaintiff

---

[1]    Supportability means "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be."  20 C.F.R. § 416.920c(c)(1). Consistency means "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the

4

demonstrates the ALJ found Dr. Mai's opinion met the considerations of supportability, but argues the ALJ erred when he found "Dr. Mai's opinion was not entirely consistent with the medical evidence and other evidence in the record as a whole, including … [Plaintiff's] own statements and reporting as it was overly restrictive in terms of exertional and environmental limitations." AR 30; ECF No. 10 at 6.

Plaintiff discusses two examples of Dr. Mai's supposed lack of consistency found by the ALJ. ECF No. 10 at 6-7. The first example quotes the ALJ's decision at AR 30 where he states "Dr. Mai also indicated that the claimant had normal pacing and gait and negative straight leg raising, and treatment records from other providers also observed the claimant to be ambulatory with a steady or normal gait (Exhibits 2F, pages 17, 22, 24, 55, 58-64-65, 71 and 94; 4F, page 4; 5F, page 2; and 11F, pages 8, 12, 18, 23, 38, 48 and 80)."[2] *Id*. at 6. Plaintiff compares this to Dr. Mai's finding that Plaintiff had "whole spine tenderness, decreased range of motion of the back and lower extremity strength that was rated 4 out of 5." ECF No. 10 at 6. Plaintiff argues that this comparison demonstrates a "fundamental flaw" in Dr. Mai's inconsistency finding because "Dr. Mai's observations and examination findings are in line with other treatment records cited in the file and, as such, are consistent with the overall medical record." *Id*. at 7. However, Plaintiff offers no cites to the "other treatment records" for the Court to consider except to say "*see supra*." *Id*. Even setting aside Plaintiff's failure to cite the record in support of her arguments, a review of the prior pages of Plaintiff's Brief (addressing the facts) cite only to Dr. Mai's physical examination report only—that is, no other medical record evidence is cited. *Id*. at 4-5 *citing* AR 686-690.

Plaintiff's second example of inconsistency quotes the ALJ's discussion of Plaintiff's daily activities. ECF No. 10 at 7. Specifically, Plaintiff quotes the ALJ's statement that Plaintiff's "reported daily activities evidence … that she was more capable than Dr. Mai's limitations would suggest." *Id*. *citing* AR 30. The ALJ found Plaintiff "reported walking several times a week, walking to a corner store, walking to public transportation and that she walks and swims for exercise.

---

evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 416.920c(c)(2).

[2] These cites translate to AR 526, 531, 533, 564, 567-574, 580, 603, 688, 692, 1082, 1086, 1092, 1097, 1112, 1122, 1154.

5

1  She also reported that she can enjoy the pool and loves to travel." AR 30. These findings by the ALJ were taken from Plaintiff's December 12, 2022 Function Report (AR 394-401) and page 731 of the administrative record (Plaintiff's visit to the VA on March 24, 2023). *See* AR 730.

The Function Report states: Plaintiff lives with a friend; she takes care of her cat (getting help from her roommate); she prepares meals maybe two times a week when she use to cook every day; her "disability with upper extremet[ies]" impacts her hands; she cleans the house and does laundry a "few hours [a] few times a week"; she gets encouragement from therapy; she does not drive because she sometimes has seizures; she tries to walk one mile three times a week; when going out she either walks or uses public transportation; she shops 1 or 2 times a year on line; she can pay bills, count change, and handles her checking and saving accounts; her ability to handle money was not impacted by her illness; she engages in a photography hobby a few times a week when she use to take pictures all the time; she texts with her roommate daily; she has no social group; she is not close to her family because of her mental health; she is affected in every physical and mental ability listed on the report (*see* AR 399); she can walk a few blocks before resting for about 20 minutes; she cannot pay attention for "long at all"; she never finishes what she starts; she can follow oral and written instructions; she does not get along with authority figures; she has never been fired from a job; she does not handle stress and hates change; she has worn hearing aids and glasses all her life; and she suffers fear all the time from PTSD. AR 394-401. In the VA record from March of 2023, Plaintiff reported she did not get out of the house much, but there is a pool where she lives, she enjoys the pool, "loves to take pictures," and she "loves to travel." AR 731.

Plaintiff contends that when the ALJ's findings are compared to the Function Report, those findings lack "support from substantial evidence." ECF No. 10 at 7. Plaintiff says the ALJ concludes Plaintiff walks a mile three times a week when Plaintiff said "she can walk only a few blocks before needing to rest for about 20 minutes or more before continuing." However, the Function Report says both. That is, Plaintiff says she tries to walk one mile three times per week and that she must rest for about 20 minutes after walking a few blocks. Nonetheless, without further analysis or discussion, Plaintiff concludes the ALJ cherry-picked "certain observations without considering their context." *Id*. Plaintiff further says the ALJ overlooked portions of Plaintiff's Function Report

6

that support Dr. Mai's opinion including that she needs assistance when caring for her cat, can't perform tasks she once could, completes household chores only a few times a week, and has difficulty standing, walking, and bending. Plaintiff minimizes her enjoyment of swimming and traveling by stating they do not contradict Dr. Mai's opinions or limitations, and contends the suggestion that these reported activities undermine Dr. Mai opinions "amounts to pure speculation" by the ALJ. *Id*. at 8.

Plaintiff concludes the ALJ fails to support his rejection of Dr. Mai's limitations on Plaintiff's ability to stand and walk (each to four hours in an eight hour day) with substantial evidence. *Id*. at 9. However, the ALJ did not reject these limitations—he adopted them. AR 20. Plaintiff also argues there is "no evidence in the record" that Plaintiff "can perform past work." ECF No. 10 at 9. However, the ALJ also agreed with this conclusion. AR 33. The primary disagreement is whether Plaintiff can stand for six, rather than four hours in a day and whether there is any other work Plaintiff can perform.

        c.     <u>The Commissioner's Argument</u>.

The Commissioner recites numerous medical reports identifying Plaintiff's capabilities, including those noted by Dr. Mai. ECF No. 12 at 3. The Commissioner identifies Dr. Mai's findings in detail and argues that while the opinion was supported by the doctor's examination, his findings were not "entirely consistent with the other evidence in the record." *Id*. at 3-4. The Commissioner points out that the ALJ accepted Dr. Mai's opinion that Plaintiff can stand and walk only four hours a day and only occasionally engage in postural activities, but found Plaintiff could sit for six hours a day and could engage in lifting and tolerate exposure to hazards relying on evidence from the VA including August 10, 2022, and September 9, 2023 reports that were contrary to Dr. Mai's findings. *Id*. at 4 *citing* AR 15, 549, 566. The ALJ also cited to February 27, 2023 and July 10, 2024 medical reports showing Plaintiff had full range of motions in her neck and good left knee strength. *Id*. *citing* AR 15, 747, 1082. The ALJ discussed Plaintiff's several trips to emergency rooms in which the findings were contrary to Plaintiff's reported ailments (*id*. *citing* AR 30, 564, 567, 531, 533, 1097), and visits to the VA where Plaintiff was found to have a normal gate. *Id*. at 5 citing AR 30, 1082 and 1086.

With respect to Plaintiff's daily activities, which seem to be the focus of Plaintiff's argument, the Commissioner argues the ALJ cited to the consultative psychological examination by Dr. Mark Short (completed on March 2, 2023 - AR 692) during which Plaintiff stated she loved to cook and grill when the weather is nice; dress, shower, and bathed herself; reads and listens to music; handles money and bills; and does household chores with some help. ECF No. 12 at 5 *citing* AR 27, 696. ("I can dress and shower on my own.  Yes, I can budget and pay bills.  Yes, I do laundry, dishes, and vacuum, but a little bit, I have help with those things.  I love to cook, I love to grill if the weather's nice.  I read, go on-line, listen to music…").  The ALJ also noted that in February 2023, Plaintiff told the VA she enjoyed her roommate's absence for two weeks and did some deep cleaning while her roommate was gone. *Id*. *citing* AR 27, 752.

Overall, the Commissioner argues the ALJ's review of the record was thorough and exhaustive. *Id*.  The Commissioner contends Plaintiff asks the Court to reweigh the evidence and ignore the "extremely deferential 'substantial evidence' standard of review." *Id*.

### d. Analysis of the ALJ's Decision for Error.

What strikes the undersigned most is the detailed decision issued by the ALJ that includes an exhaustive rendition of evidence.  AR 11-35.  The Court takes note of the substantial evidence standard, which is "more than a mere scintilla," and means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Batson*, 359 F.3d at 1193; *Ford*, 950 F.3d at 1154 (internal citation omitted).  The Court considers the case law regarding cherry-picking, but notes Plaintiff asserts this without much analysis.  That is, Plaintiff concludes because the ALJ did not cite everything from a single Function Report, the ALJ cherry picked the evidence.  ECF No. 10 at 7.  But Plaintiff also fails to consider the totality of the evidence the ALJ did discuss and his consideration of Plaintiff's medical reports after the December 2022 Function Report including the February 27, 2023 and July 10, 2024 medical reports (AR 15, 747, 1082), Plaintiff's March 2, 2023 evaluation by Dr. Short (AR 692, 696), a September 9, 2023 VA report (547, 549), and AR 24-26 (discussing Plaintiff's July, August, and November 2024 emergency room visits).

The ALJ must consider the record as a whole—the totality of the evidence—which he has done. *S.W. v. O'Malley*, Case No. 23-cv-04269-LB, 2024 WL 4185982, at *7 (N.D. Cal. Sept. 14,

1  2024) *citing* 20 C.F.R. § 416.920b. The Court finds even if everything Plaintiff cites was not stated
2  in the ALJ's decision, this does not equate to a failure to consider all that was indicated in the
3  numerous medical reports in the record. *Howard v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003)
4  ("[I]n interpreting the evidence and developing the record, the ALJ does not need to 'discuss every
5  piece of evidence.'") (citations omitted); *Israel v. Astrue*, 494 Fed.Appx. 794, 797 (9th Cir. 2012)
6  ("[T]he ALJ must consider all of the evidence, but need not comment specifically on each element
7  of each piece of evidence."); *cf. Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (ALJ
8  "need not discuss all evidence presented ... [but instead] must explain why 'significant probative
9  evidence has been rejected'") (citation omitted); *Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998)
10 ("An ALJ's failure to cite specific evidence does not indicate that such evidence was not
11 considered[.]").

12     Plaintiff raises one issue—consistency—and argues the ALJ fails to explain why Dr. Mai's
13 report was inconsistent with the medical record. As states above, consistency means "[t]he more
14 consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from
15 other medical sources and nonmedical sources in the claim, the more persuasive the medical
16 opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 416.920c(c)(2). Plaintiff
17 points to no report that says Plaintiff is incapable of sitting for six hours, but instead relies on a single
18 opinion from Dr. Mai as the basis for arguing the ALJ erred. Yet, Plaintiff ignores the remainder of
19 the entirety of the record. *See* ECF No. 10, *generally*. While Dr. Mai limited Plaintiff to occasional
20 postural activities, sitting to four hours, and lifting to 10 pounds based on "a decreased range of
21 motion of her back, spine tenderness, a positive McCarthy bilaterally and 4 out of 5 lower extremities
22 motor strength" (AR 29), the ALJ noted Dr. Mai stated "no tenderness of … [Plaintiff's] neck
23 muscles" (AR 23 citing 688), which was confirmed by the VA when "on February 27, 2023, …
24 [Plaintiff] was found to have full range of motion of the neck." *Id*. (citing Exhibit 6F, page 48, but
25 found at 2F, page 23-AR 532). While it is true that Plaintiff "had a positive Hawkin's on the left
26 [shoulder,] [and] tenderness to palpation and with rotations on the left elbow" (AR 689), the ALJ
27 limited Plaintiff to "only occasional reaching overhead to the left." AR 20. The ALJ noted "the rest
28 of [Dr. Mai's] … physical examination findings were generally unremarkable." AR 23 citing 689.

9

Finally, the ALJ stated Plaintiff "reported that medications, injections, and hot baths helped with her pain" (AR 686), and "VA records noted over several office visits, that the claimant was observed to be ambulatory with a steady or normal gait." AR 526, 531, 533, 564, 567-574, 580, 603, 688, 692, 1082, 1086, 1092, 1097, 1112, 1122, 1154. The ALJ determined that "the objective evidence does show the claimant has some impairment that would reasonably be expected to result in some limitations, however, the evidence suggests the claimant's functioning is not as limited as alleged." AR 24. The AJL discussed the more recent medical reports finding each and all of them failing to support restrictions greater than the RFC crafted. AR 27-29.

In sum, the ALJ offers substantial evidence in support of the conclusion he reached. The Court finds the claim of cherry-picking and insubstantial evidence fail to demonstrate error requiring remand for further proceedings.

**V.      Order**

IT IS HEREBY ORDERED that Plaintiff's Brief (ECF No. 10) is DENIED.

IT IS FURTHER ORDERED the Clerk of Court is to enter judgment in favor of the Commissioner of Social Security and close this case.

DATED this 21st day of November, 2025.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE